■ In the Matter of HENRY CAMPERLENGO, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered February 10, 1981 in Albany County, which denied petitioner's motion pursuant to CPLR 2304 to quash a subpoena duces tecum. On or about June 1, 1979, the State Department of Social Services (hereinafter referred to as respondent) discovered that petitioner, a psychiatrist, had submitted consecutive billing dates for Medicaid patients. Such practice being unusual, respondent requested that petitioner permit inspection of office records for such patients to determine the necessity of treatment and ensure against fraud in billing practices. After some delay, petitioner did permit inspection. However, it was so limited that respondent could not determine what, if any, necessity there was for the consecutive visitation dates or if such visits actually occurred. Petitioner, although purporting to comply with respondent's requests, continued to fail to produce information which he was required by regulation to produce. Medicaid provider doctors are required to keep: "such records as are necessary to disclose fully the extent of care, services and supplies provided to individuals under the New York State medicaid program * * * for a period of not less than six years from the date of payment * * * and information will be furnished regarding any payment claimed therefor as the * * * [respondent] may request." (18 NYCRR 540.7 [a] [8].) Respondent thereupon issued a subpoena duces tecum on November 6, 1980 requiring the production of records relating to 35 named patients as follows: "1) all patient records including, but not limited to treatment plans, periodic evaluations and any other treatment or diagnostic or prognostic records. 2) Any other miscellaneous medical data relating to the patient's physical or mental condition. 3) Records of any payment by third parties for medical services rendered to the patients." Petitioner moved at Special Term pursuant to CPLR 2304 to have the subpoena quashed because it was overly broad and violative of the physician-patient privilege. (CPLR 4504.) Special Term denied relief and this appeal ensued. Upon this appeal, petitioner no longer contends that the subpoena was overly broad. As found by Special Term, the subpoena is clearly not overly broad. Further, petitioner does not question the right of

respondent to demand records of payments by third parties for services rendered to patients. The sole issue is whether or not the physician-patient privilege (CPLR 4504) precludes the demand by respondent for disclosure of medical records. At the outset, it must be recognized that the privilege here involved is wholly a creature of statute and not an inherent right recognized by common law. *(Matter of Schulman v New York City Health & Hosps. Corp.,* 38 NY2d 234.) Any objective analysis of the relationship between respondent and petitioner and the Medicaid recipient-patient discloses that respondent is not a stranger to the Medicaid services provided by petitioner and received by the patient. (See *Matter of Hyman v Jewish Chronic Disease Hosp.,* 15 NY2d 317.) Petitioner is simply the instrument whereby the Medicaid recipient receives the medical care which concededly respondent must provide. Indeed, the Legislature recognized that the duties imposed on respondent would result in medical information being known to respondent and other State agencies and explicitly continued the confidentiality thereof to include such entities. (See Social Services Law, § 367-b, subd 4; § 369, subd 3.) The sharing of the medical information at issue herein is precisely that which must be expected by any Medicaid patient as being included within the guarantee of confidentiality and/or privilege in the CPLR and the Social Services Law. (Cf. *Matter of Sigety v Hynes,* 38 NY2d 260, 268.) Petitioner has failed to demonstrate that under the present facts the doctor-patient privilege as contained in CPLR 4504 would be violated by honoring the subpoena duces tecum. As stated by Mr. Justice Williams in his opinion at Special Term: "The petitioner herein will not be permitted to avail himself of the physician-patient privilege, which was created for a noble reason, as a cloak to thwart a legitimate inquiry by the respondent Department." Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Herlihy, JJ., concur.