OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 The physician-patient privilege does not absolutely protect a doctor’s records of treatment of Medicaid patients from a subpoena of the State Department of Social Services issued in an investigation of billing practices. The order of the Appellate Division, therefore, should be affirmed.
 

 Petitioner is a psychiatrist whose patients include a number of Medicaid recipients. The State Department of Social Services discovered that petitioner had submitted
 
 *254
 
 consecutive billing dates for certain Medicaid patients. Considering such billing unusual, the department sought access to petitioner’s records to determine if there had been unnecessary treatment or fraud in billing procedures. Petitioner’s co-operation was inadequate and the department eventually issued a subpoena duces tecum requiring petitioner to produce his records concerning 35 Medicaid patients. The subpoena sought: “1) all patient records including, but not limited to treatment plans, periodic evaluations and any other treatment or diagnostic or prognostic records. 2) Any other miscellaneous medical data relating to the patient’s physical or mental condition. 3) Records of any payments by third parties for medical services rendered to the patients.” Petitioner moved pursuant to CPLR 2304 to quash the subpoena. Supreme Court denied the motion and the Appellate Division affirmed (83 AD2d 661).
 

 On this appeal, petitioner asserts that the material sought by the subpoena is protected by the physician-patient privilege set forth in CPLR 4504 (subd [a]). That statute provides that, unless the patient waives the privilege, a physician “shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”
 

 The physician-patient privilege is a purely statutory creation, in derogation of the common-law rule that a physician could be compelled to disclose information acquired in the treatment of a patient (see
 
 People v AlKanani,
 
 33 NY2d 260, 264, cert den 417 US 916;
 
 Steinberg v New York Life Ins. Co.,
 
 263 NY 45, 48; see, generally, Richardson, Evidence [10th ed — Prince], §§ 426-444). First enacted in New York in 1828, the privilege is designed “to protect those who are required to consult physicians from the disclosure of secrets imparted to them; to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation, embarrassment, or disgrace to patients”
 
 (Steinberg v New York Life Ins. Co., supra,
 
 pp 48-49; see, also,
 
 Pierson v People,
 
 79 NY 424, 433). This provision of confidentiality encourages the patient to seek medical treatment and to be frank in describing his or her
 
 *255
 
 symptoms to the physician so that the most effective treatment can be obtained.
 

 Although the privilege serves an important social function, in certain instances the Legislature has abrogated this privilege to effectuate some other public policy, such as the detection and prevention of child abuse (Family Ct Act, § 1046, subd a, par [vii]) or the treatment of narcotic addiction (Public Health Law, § 3373). The question here is whether and to what extent the State and Federal regulatory provisions of the Medicaid program have also created an exception to the privilege.
 

 The Medicaid program uses public funds to help provide medical services to needy persons. For this program to be carried out effectively, “the public must be assured that the funds which have been set aside for this worthy purpose will not be fraudulently diverted into the hands of an untrustworthy provider of services”
 
 (Schaubman v Blum,
 
 49 NY2d 375, 379). To this end, the Medicaid program requires that certain information be made available to those charged with administering the program.
 

 The Federal Government requires that States participating in Medicaid “provide for agreements with every person or institution providing services under the State plan under which such person or institution agrees (A) to keep such records as are necessary fully to disclose the extent of the services provided to individuals receiving assistance under the State plan, and (B) to furnish the State agency or the Secretary with such information, regarding any payments claimed by such person or institution for providing services under the State plan, as the State agency or the Secretary may from time to time request” (US Code, tit 42, § 1396a, subd [a], par [27]). New York State regulations require that such information be kept by Medicaid providers for a minimum of six years after payment and made available to the appropriate agencies (18 NYCRR 540.7 [a] [8]).
 

 Although there is no express statutory exception to the privilege for Medicaid-related records, the Federal and State record-keeping and reporting requirements evidence a clear intention to abrogate the physician-patient privilege to the extent necessary to satisfy the important public
 
 *256
 
 interest in seeing that Medicaid funds are properly applied. Of course, this exception to the privilege is intended to be no broader than necessary for effective oversight of the Medicaid program. Thus, the use of information obtained pursuant to the record-keeping requirements is restricted to purposes directly connected with administering the Medicaid program, and disclosure is otherwise prohibited (US Code, tit 42, § 1396a, subd [a], par [7]; Social Services Law, §§ 136, 367-b, subd 4; § 369, subd 3). Continued confidentiality is assured and any adverse impact on the policy underlying the privilege is kept to a minimum.
 

 Petitioner therefore cannot avail himself of the physician-patient privilege with respect to the department’s subpoena of the treatment records of Medicaid patients. Although the exception to the privilege is limited in scope, it is broad enough to permit the department to ascertain whether Medicaid funds are properly applied.
 
 *
 

 Petitioner also argues that the information sought by the department is protected by the right to privacy embodied in the United States Constitution. This claim was not raised below, however, and therefore should not now be considered by this court (see
 
 Tumolillo v Tumolillo,
 
 51 NY2d 790;
 
 Di Bella v Di Bella,
 
 47 NY2d 828).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 *
 

 Inasmuch as petitioner abandons on this appeal any claim that the department’s subpoena was overly broad, this court has no occasion to delineate the precise boundaries of the exception.