■ In the Matter of JOHN DOE, Doing Business as ANONYMOUS HOSPITAL, Appellant-Respondent, v EDWARD J. KURIANSKY, as Deputy Attorney-General of the State of New York, Respondent-Appellant. — In a proceeding to quash a Grand Jury subpoena duces tecum, the parties cross-appeal from an order of the County Court, Nassau County (Thorp, J.), dated June 7, 1982, which granted petitioner's application only to the extent of directing petitioner to redact the patients' names from medical records, and to redact medical information from nonmedical records, "unless the individual patient expressly waives the privilege". Order modified, on the law, by adding a provision thereto directing that the records of Medicaid patients shall not be redacted. As so modified, order affirmed, without costs or disbursements. The authority of the Medicaid Fraud Control Unit of the Attorney-General's office to investigate Medicaid fraud in hospitals through a Grand Jury investigation was determined in *Matter of Mann Judd Landau v Hynes* (49 NY2d 128; see, also, 9 NYCRR 3.72, eff June 5, 1978, referring to Executive Law, § 63, subds 3, 8). A subpoena duces tecum issued in connection with a Grand Jury investigation of an adult home is presumed to be valid and the burden is upon the party seeking to quash such subpoena to demonstrate its issuance in bad faith or its invalidity upon some other legitimate basis (*Virag v Hynes,* 54 NY2d 437). Such presumption is equally applicable to a subpoena duces tecum issued to a nursing home or hospital. The petitioner hospital has failed to demonstrate any bad faith or invalidity of the subpoena duces tecum issued in this investigation on February 18, 1982. The statutory privileges against disclosure (see CPLR 4504, subd [a]; Public Health Law, § 2803-c, subd 3, par f; § 2805-g, subd 3) are not applicable with respect to the release of medical records in a civil investigation by the Department of Social Services due to the important public interest in seeing that Medicaid funds are properly applied (*Matter of Camperlengo v Blum,* 56 NY2d 251; Social Services Law, § 136, subd 2; § 367-b, subd 4; § 369, subd 3). Such rationale is equally applicable to a Grand Jury subpoena issued during the course of an investigation of alleged Medicaid fraud in a hospital, since such information is essential in determining whether there has been intentional double billing, billing without rendi-

tion of services or without the furnishing of medicine or other items to a Medicaid patient. The order therefore is modified to permit complete access to all hospital records of Medicaid patients. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.