OPINION OF THE COURT
Thomas P. Flaherty, J.
The important question here presented relates to the entitlement of a school district, over objection on grounds of privilege, to a court-ordered subpoena directing production of certain psychiatric and psychological examination and evaluation records pertaining to an infant student for use on an appeal pursuant to section 4404 of the Education Law.
This is a motion by the Orchard Park Central School District (District) pursuant to CPLR 2307 for the issuance *138 of a subpoena duces tecum addressed to the Western New York Children’s Psychiatric Center requiring production of certain records with respect to a student within the District.
The parents of the student have cross-moved in accordance with CPLR 2304 to quash such subpoena and while the Attorney-General has not cross-moved for any specific relief on behalf of the New York State Office of Mental Health and the Western New York Children’s Psychiatric Center, nevertheless, an Assistant Attorney-General has caused to be filed his affidavit which requests that this court deny the District’s application for the subpoena in the first instance or in the alternative if such subpoena is issued certain qualifications attach.
In accordance with the statutory mandate (Education Law, § 4402) the District has established a committee on the handicapped which has concluded that the student in the instant proceeding has a handicapping condition.
Being dissatisfied with such determination, the student’s parents have taken an appeal from that decision and requested a fair hearing in that regard (Education Law, § 4404; 8 NYCRR 200.5).
Subdivision 1 of section 4404 of the Education Law, in pertinent part, provides: “If the recommendation of the committee on the handicapped is not acceptable to the parents or guardians of a child * * * such parents shall notify the board of education of this situation and the board shall appoint an impartial hearing officer to hear the appeal and make a recommendation to the board of education within such period of time as the commissioner by regulation shall determine.”
A hearing officer has been appointed to hear the parents’ appeal and make his recommendation and the present motion relates to a request by the District to subpoena certain records with respect to the student for their use at the fair hearing.
It appears that in 1982 the student’s mother agreed to testing and evaluation of the child by the Western New York Children’s Psychiatric Center.
*139 The mother states that in the spring of 1982 after repeated requests by the District she reluctantly agreed to the evaluation submitting her child to such psychiatric and psychological testing on the express condition that she be provided with copies of the reports prepared.
This parent complains that the evaluation was based upon information provided exclusively by the District personnel without any input from her, and when advised that the report or reports on her child would be released to the District and not to hér, consent to the release of such evaluation information was withdrawn.
The parents argue that the recommendation of the committee on the handicapped for the District was made without the benefit of such report and consequently would not be relevant in the fair hearing proceeding. They also point out that since the District has advised that it intends to offer the testimony of certain witnesses at the fair hearing, to wit: the director of special education, the school psychologist, the classroom teacher and the school principal, there is no need to include the Western New York Children’s Psychiatric Center evaluation.
In response to this position it is pointed out that the hearing to be held is de novo and the opportunity to present evidence and testimony, to be represented by counsel and confront and question all witnesses is provided (8 NYCRR 200.5 [1], [4], [5], [8]). Consequently, though not relied upon by the committee on the handicapped in the first instance, the information now sought would be admissible in evidence unless prohibited by existing evidentiary standards. The parents urge that such prohibition exists in that the evaluation report of their child is in this instance absolutely privileged. (CPLR 4504; Mental Hygiene Law, §33.13.)
This court agrees that leave to serve the subpoena duces tecum in question should be denied. “Certain confidential communications are vested by law with a privilege against disclosure. New York, by statute, has long recognized a privilege for confidential communications between attorney and client, clergyman and penitent, physician and patient, and between husband and wife. Two additional privileges have in recent years been created by *140 statute: a privilege for confidential communications between a registered psychologist and his client which is placed ‘on the same basis’ as the attorney-client privilege (CPLR, § 4507), and a privilege for communications between a certified social worker and his client (CPLR, § 4508).” (Richardson, Evidence [Prince, 10th ed], § 409, p 402.)
This is not to say that in all instances the privilege stands inviolate. In Matter of Camperlengo v Blum (56 NY2d 251, 253), it was held that: “[t]he physician-patient privilege does not absolutely protect a doctor’s records of treatment of Medicaid patients from a subpoena of the State Department of Social Services issued in an investigation of billing practices.” The court continued that (p 255): “[ajlthough the privilege serves an important social function, in certain instances the Legislature has abrogated this privilege to effectuate some other public policy, such as the detection and prevention of child abuse (Family Ct Act, § 1046, subd a, par [viil) or the treatment of narcotic addiction (Public Health Law, § 3373).”
In the present case this court finds no legislative exception to the privilege which allows release of the information sought by the District over the objection of one of this child’s parents. To the contrary, the statutory enactment relative to the release of information contained in clinical records does not provide for the turning over of such information to school districts for any reason whatsoever. (Mental Hygiene Law, § 33.13.)
“Communications made in confidence are not protected purely because of their confidentiality, but may be kept secret only if premised upon a public policy expressed by statute or in furtherance of an overriding public concern of constitutional dimension (see, e.g., People v Doe, 61 AD2d 426 * * *). It was the rule at common law and remains the rule today, that it is everyman’s duty to give evidence in a court of law. We are here concerned with three statutorily created exceptions to that rule, none of which existed at common law. Whether the protected relationship involves physician, psychologist or certified social worker, all share the common purpose of encouraging the patient or client fully to disclose the nature and details of his illness or his *141 emotions without fear of later revelation by one in whom he placed his trust and confidence (see Matter of Warrington [State of New York], 303 NY 129, 135; Yaron v Yaron, 83 Misc 2d 276).” (Perry v Fiumano, 61 AD2d 512, 516.)
While the burden of establishing the privilege rests upon the party asserting it (Bloodgood v Lynch, 293 NY 308), nevertheless “the welfare and best interests of children” (Perry v Fiumano, supra, p 517) remain the paramount concern of the court and in a proper case the privilege must be given force and effect unless and until the Legislature directs otherwise.
In certain common-law and statutorily enumerated instances privileged communications are to be encouraged. It is not in the best interests of children to invade confidentiality whereby upon request privileged information of the most personal nature can be released to others. Incursions of the type here suggested by the District should be discouraged and disallowed. The motion to issue the subpoena is in all respects denied while the cross motion to quash same is granted.