OPINION OF THE COURT
Charles A. Kuffner, J.
In this proceeding, the petitioner, a professional corporation, seeks (1) to quash a subpoena duces tecum served upon it to produce various medical records, billing records and related corporate records, and (2) an order directing that a hearing be held as to whether any electronic eavesdropping has been employed prior to the issuance of the subpoena duces tecum.
The respondent is the Deputy Attorney-General of the State of New York for Medicaid fraud control.
The court is satisfied, based upon respondent’s sworn assertion, that no electronic eavesdropping has been utilized in connection with the investigation presently being undertaken by respondent. Accordingly, that portion of the petition is denied.
With respect to the application to quash the subpoena duces tecum, the petitioner asserts two arguments:
*961 (1) that production of the records in question would violate the physician-patient privilege, and
(2) that the subpoena is overly broad and unduly burdensome.
The court finds that petitioner’s assertion of the physician-patient privilege is without merit.
Both petitioner and respondent cite the recent decision of the Court of Appeals in Matter of Camperlengo v Blum (56 NY2d 251).
Petitioner contends that the Court of Appeals did not intend to abrogate the physician-patient privilege to the extent of permitting disclosure of patient records to a Grand Jury. Respondent contends that such authority is implicit in the Camperlengo decision and further relies upon Matter of Doe v Kuriansky (91 AD2d 1068). The determination of the Appellate Division, in the latter case, makes clear that the rationale applied in Camperlengo is equally applicable to Grand Jury subpoenas issued in the course of Medicaid fraud investigations.
Petitioner’s claim that the subpoena is overly broad in its scope and is unduly burdensome in its requirements merits consideration.
The subpoena encompasses seven distinct requests for records from seven different facilities operated by petitioner.
The petitioner asserts that the requested records encompass some 250,000 patient files and to compile the same for delivery would require numerous hours of work. Additionally, petitioner asserts that the delivery of the records would cause significant disruption of its operations and would prevent further needed treatment of patients once the records were released from its control.
In Virag v Hynes (54 NY2d 437, 444) the Court of Appeals reaffirmed the presumptive validity of subpoenas issued in conjunction with Grand Jury investigations and noted with approval the language of Schwimmer v United States (232 F2d 855, 862): “[A] grand jury has no catalog of what books and papers exist and are involved in a situation with which it is attempting to deal, nor will it ordinarily have any basis for knowing what their character or con *962 tents immediately are. It can therefore hardly be expected to be able to designate or call for what its exact needs may ultimately turn out to be * * * [I]t obviously has a right * * * to a fair margin of reach and material in seeking information, not merely direct but also as a matter of possible light on seemingly related aspects whose significance it is seeking to uncover.”
The court is satisfied that the broad investigating mandate of the Grand Jury, in the instant case, compels delivery to it of the materials sought by the subpoena in question.
Such material is, no doubt, voluminous and will, no doubt, involve an expenditure of effort on petitioner’s part to effect compliance. The petitioner has operated seven clinics for several years, treating thousands of patients whose fees were paid for by the Medicaid program. The problem of volume is, thus, inherent to investigations involving such extensive business operations. Parties, such as petitioner, who have operated extensive practices and who have received compensation through the Medicaid program, cannot complain of the magnitude of their own operation as a basis for resisting compliance with otherwise lawful subpoenas.
GPL 610.25 does provide a mechanism by which the legitimate concerns of both the Grand Jury and the party subject to subpoena may be served.
The court may fashion conditions relating to the delivery and retention of the subject records.
Accordingly, the petitioner shall make available to the Grand Jury all of the items requested in the subpoena duces tecum on the following terms.
The. items requested in paragraph 5 of the subpoena shall be delivered to the Grand Jury on April 28,1983 and may be returned by the Grand Jury or the Deputy Attorney-General in a period of two weeks thereafter during which time they may be copied at respondent’s own cost.
Thereafter, the items requested in paragraphs 1, 2, 3, 4, 6 and 7 of the subpoena shall be delivered to the Grand Jury at intervals of two weeks from April 28, 1983. They may be likewise retained and copied. After each set of *963 material has been held by the Grand Jury for a two-week period, it shall be returned by the respondent to the petitioner.
The respondent shall bear the cost of transportation of the records to and from the place where they are maintained by petitioner.
In the event that the Grand Jury should require any of the records received for a period longer than two weeks, the respondent may, on notice to petitioner, request of the court an extension of the time limitation imposed herein.
Likewise, should petitioner require the use of any record in possession of the respondent for the purpose of providing necessary dental treatment to any of its patients, it may apply to the court, on notice to réspondent, for release of such record.
Except as otherwise provided herein, the motions are denied.