OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the New York State Commission of Correction for an order directing Dr. Felix Wroblewski to produce all medical records in his possession pertaining to decedent Herbert Kaminsky, pursuant to Correction Law § 46 (4) and § 47.
The decedent Herbert Kaminsky, at the time of his death, *219 was an inmate of the Green Haven Correctional Facility. The Medical Review Board of the Commission of Correction is investigating the circumstances surrounding his death pursuant to Correction Law § 47.
The decedent, prior to his death, was a patient of Dr. Felix Wroblewski who examined him at the doctor’s office on August 21, 1986. The Commission of Correction served a subpoena on Dr. Wroblewski directing him to produce all medical records in his possession pertaining to the medical care rendered to decedent, including results of all medical examinations, evaluations and recommendations including the office visit of August 21, 1986.
On September 11, 1986, Dr. Wroblewski indicated to the Commission that on the advice of his attorney he would not comply with the subpoena on the grounds that physician/ patient privilege barred disclosure (CPLR 4504). This court does not agree.
The physician/patient privilege is a purely statutory creation, in derogation of the common-law rule that a physician could be compelled to disclose information acquired in the treatment of a patient. The privilege is designed to protect those who are required to consult physicians from the disclosure of secrets imparted to them; to protect the relationship of patient and physician; and to prevent physicians from disclosing information which might result in humiliation, embarrassment or disgrace to patients.
Although the privilege serves an important social function, in certain instances, the Legislature has abrogated this privilege to effectuate some other public policy such as the detection and prevention of child abuse (Family Ct Act § 1046 [a] [vii]) or the treatment of narcotic addiction (Public Health Law § 3373). The question here is whether and to what extent an exception to the privilege should be made to accommodate the provisions of Correction Law § 47 which empowers the Medical Review Board of the New York State Commission of Correction to investigate and review the cause and circumstances surrounding the death of any inmate of a correctional facility and thereafter to submit a report thereon to the State Commission of Correction and to make recommendations to the Commission and the administrator of the particular facility to prevent the recurrence of such causes of death.
In this court’s opinion, to carry out the provisions of section 47 and to satisfy the important public interest in seeing that a *220 safe and secure penal institution is maintained, certain information must be made available to those charged with investigating the death of the inmate herein. Although there is no express statutory exception to the physician/patient privilege for obtaining the medical records sought herein, it is this court’s opinion that the privilege should be abrogated the extent necessary to comply with the subpoenas served by the Commission (see, Matter of Camperlengo v Blum, 56 NY2d 251).
The motion of the New York State Commission of Correction is granted.