Simons, J.
(dissenting). In my view, reinstatement of Supreme Court’s orders is compelled by three recent decisions of this court.
In Virag v Hynes (54 NY2d 437), we detailed the fundamental difference between Grand Jury subpoenas, which are presumptively valid, and office subpoenas, which are more readily subject to attack on relevancy grounds. We held that because of the presumption of validity, a prosecutor has no affirmative burden, when a motion is made to quash, to announce the scope or purpose of the Grand Jury’s investigation or to establish the relevancy of the materials sought by it. The Grand Jury is an arm of the court and " '[n]o witness may avoid obedience to the directions of the court without establishing by concrete evidence that the subpoena was issued in bad faith or that it is for some other reason invalid’ ” (id., at pp 442-443, quoting from Matter of Manning v Valente, 272 App Div 358, 361, affd 297 NY 681). Any other rule, we said, would result in needless delays of the Grand Jury’s deliberations while minitrials were held to test subpoenas and would thereby impose an intolerable burden on the investigation and prosecution of crime (id., at pp 442-445). In the absence of such "concrete evidence” of invalidity, the motion to quash must be denied.
Matter of Camperlengo v Blum (56 NY2d 251) involved a Medicaid fraud investigation by the Department of Social Services in which the Department issued an office subpoena seeking production of a psychiatrist’s records. The psychiatrist moved to quash the subpoena on the ground that the patients’ records were privileged. We denied the motion, holding that the statutory physician-patient privilege would not be recognized in Medicaid fraud investigations. Accordingly, we ordered production of the complete records of 35 Medicaid patients. Our decision was based upon the public’s strong interest in discovering and punishing such frauds, upon the relationship between the State and Federal Governments in Medicaid matters, and upon our determination that the statutory record-keeping requirements of the Federal Government superseded the State’s statutory privilege (for similar statutes superseding CPLR 4504 see, Family Ct Act § 1046 [a] [vii]; Public Health Law § 3373).
In Matter of Doe v Kuriansky (59 NY2d 836, affg for reasons stated below 91 AD2d 1068), a hospital sought to quash a subpoena seeking the names of patients and certain medical *244 information concerning them contained, in nonmedical records. We applied the rules of Virag and Camperlengo and held that, when subpoenaed, a hospital under investigation for Medicaid fraud must produce complete and unredacted records. The decision expressly states the rule that the statutory privileges, including the physician-patient privilege, do not apply or restrict information subject to Grand Jury subpoena in Medicaid fraud investigations.
In this case, the Deputy Attorney-General investigating Medicaid fraud issued presumptively valid Grand Jury subpoenas seeking petitioners’ patient records. Petitioners moved to quash on constitutional grounds, a claim which the court finds to be without merit. They also asserted that the subpoenas should be quashed because of the physician-patient privilege, notwithstanding our earlier decisions in Camperlengo and Doe. Although petitioners make much of the point now, their moving papers before Special Term did not contain any claim, let alone the "concrete evidence” required by Virag, that the information sought was irrelevant or the subpoena overbroad, nor did they urge that the rule in Camperlengo was less than absolute or the decision in Doe reaffirming it, was wrong or, for any reason, inapplicable to these subpoenas.
Notwithstanding these decisions and the nature of petitioners’ claims at Special Term, the majority finds that over-breadth may indeed be found because of the physician-patient privilege unless the prosecutor justifies the need for the information sought. It does so because it interprets Camperlengo as holding that the exception to the privilege in Medicaid fraud investigations is not absolute and no broader than necessary for effective oversight of the Medicaid program (see, Matter of Camperlengo v Blum, 56 NY2d 251, 255-256, supra). That qualification was explained by the sentence immediately following it, however. The court made clear that the exception created by the Federal record-keeping requirement did not override the physician-patient privilege generally but only that no privilege could be asserted to permit withholding information "directly connected with administering the Medicaid program”. It elaborated on the point by citing statutes preventing disclosure to unauthorized parties or agencies, i.e., 42 USC § 1396a (a) (7); Social Services Law §§ 136, 367-b (4); § 369 (3) (id., at p 256). The court made clear that this "no broader than necessary” language was intended only to avoid disclosure of patients’ records to persons other than those charged with oversight of the Medicaid program. This was *245 confirmed by our decision in Matter of Doe v Kuriansky (59 NY2d 836, supra) which granted the Grand Jury unrestricted access to patients’ records. Thus, Camperlengo did not create any obligation on the part of the Attorney-General to specify the need for each part of the records subpoenaed, rather it delineated the use to which the records could be put when subpoenaed.
This proceeding involves an on-going investigation of psychiatrists charged with fraudulent Medicaid billing, as did Camperlengo, a Grand Jury subpoena presumptively valid, as in Virag, and patient records subject to production without redaction, as in Doe. It would seem self-evident that at this stage of the proceedings the prosecutor cannot know, and should not be required to detail, the scope and purpose of his investigation or the need for the records. The Grand Jury will necessarily need the complete records because the nature and amount of the charges, to say nothing of their legitimacy, will depend on the patients’ complaints and the services rendered to treat them. Nevertheless, the majority, based upon motion papers which do not assert even an arguable basis for an overbreadth or relevancy claim, and citing Cynthia B. v New Rochelle Hosp. Med. Center (60 NY2d 452), a case which does not involve Medicaid fraud and is not in point, has required the prosecutor to establish the Grand Jury’s need for the records. Although petitioners have not alleged "the concrete evidence” required to warrant an inquiry into the validity of the subpoenas and do not now claim any irregularity in them, they are to be given an opportunity to fashion such an objection at a hearing at which the prosecutor must shoulder the burden of sustaining the Grand Jury’s requests for this information. In my judgment, this ruling realigns the presumption and burdens of proof established in Virag, misconstrues our decision in Camperlengo and overrules our holding in Doe. I, therefore, dissent in part and vote to modify the order of the Appellate Division by reinstating the orders of Supreme Court, New York County.
Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur with Chief Judge Wachtler; Judge Simons dissents in part and votes to modify by reinstating the orders of Supreme Court, New York County, in a separate opinion.
Order affirmed, without costs. Question certified answered in the affirmative.