Chief Judge Desmond.
Special Term was correct in its holding that petitioner, being a director of a hospital corporation, is entitled as matter of law to an inspection of the records of the hospital to investigate into the facts as to alleged illegal and improper experimentation on patients (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119; Matter of Martin v. Martin Foundation, 32 Misc 2d 873).
It is argued that the data as to such experiments on patients is privileged (CPLR 4504[a]) and that the patients have not waived the privilege. Any such confidentiality could be amply protected by inserting in the court’s order a direction that the names of the particular patients be kept confidential. *323 Actually, the supposed strict secrecy does not really exist as to qualified persons since these records have been -seen, read and copied by numerous staff members and employees of the hospital and of the co-operating institution.
We are told that, since this petitioner director would not be personally liable for the wrongdoing of the hospital, he does not need such an inspection. However, the possibility of liability of the corporation of which he is a director entitles him to learn the truth about the situation on which such alleged liability may be predicated. Again, it is said that a director should not be allowed to act on behalf of the patients without their authority. We do not understand the petitioner to claim any such right of representation. He is carrying out his own duties as a director — to direct the affairs of the corporation.
It is argued, again, that an inspection is unnecessary since newly enacted rules of the hospital now require that written and informed consents -of the patients be obtained before experiment. This fact, however, cannot be an obstacle to this director’-s effort to learn the full truth as to what has been done in the past.
No one seriously questions the right and obligation of a membership corporation director to keep himself informed as to the corporation’s policies and activities so that he may do his duties and carry his responsibilities. Any necessary safeguards and protections can, in -the discretion of the Special Term, be provided by its order, including appropriate arrangements for concealing the names of individual patients if that appears to be necessary -or proper.
The order appealed from should be reversed, without costs, and the matter remitted to Special Term for further proceedings not inconsistent with -this opinion.