William Tommy NEWSOM, Husband of
Ramona G. Newsom, Deceased, Individ-
ually and for the benefit of Jennifer
Brooke Newsom, William Tommy New-
som, Jr., and Jason Michael Rogers, the
children of the deceased, all residents
of Marion County, Tennessee,

v.

BREON LABORATORIES INC., et
al., Appellants.

Supreme Court of Tennessee,
at Nashville.

Feb. 13, 1986.

J. Harvey Cameron, Cameron, Leiderman
& Graham, P.C., Jasper, for appellees.

John R. Morgan, Morgan & Garner,
Hugh Garner, Morgan & Garner, Chatta-
nooga, for appellants; Michael Corrigan,
Simpson, Thacher & Bartlett, New York
City, New York, of counsel.

## OPINION

FONES, Justice.

We granted defendants' application for a
discretionary appeal from the action of the
trial court and Court of Appeals in denying
that portion of defendants' request for a
protective order that would have allowed
defendants to delete the names of physi-
cians and patients from Drug Experience
Reports [hereinafter DER] involving the
drugs Marcaine and Bupivacaine.

The trial court directed that all of the
DER's reporting reaction to those drugs be
furnished plaintiffs with no deletions of
physicians' or patients' names and address-
es. The Court of Appeals found that there
might be some merit to defendants' asser-
tion that revealing the names of the doc-
tors and patients invaded their privacy but
held that defendants had no standing to
assert an invasion of the privacy of the
doctors and patients listed on the DER's.
The intermediate court modified the trial
judge's order by requiring that the names
of the doctors and patients would remain
under seal in the clerk's office for a period
of thirty days during which time the doc-
tors and patients could file objections to
disclosure for consideration of the trial
court.

During oral argument defendants assert-
ed there were approximately 400 DER's

furnished or to be furnished plaintiffs. Plaintiffs asserted that less than 350 had been furnished to date, with the names and addresses of the doctors and patients deleted.

The record before us does not reflect that either the trial judge or the Court of Appeals gave any consideration to the burden of time and expense imposed upon the parties, the trial court or the doctors and patients by the sheer numbers involved, whether 350 or 400. Further, it does not appear that any consideration has been given to the fact that the reporting doctors had good reason to believe that the reports they made were being made in confidence. On the face of the DER form issued by the Federal Drug Administration, the block for the reporting physician's name contains the words "in confidence" in parenthesis. Also, the doctors' and patients' names are exempt from the disclosure requirements of the Freedom of Information Act. *See* 21 C.F.R. § 20.111(c)(iii). Defendants assert that disclosure of the identity of the doctors will inhibit the effectiveness of the voluntary reporting system that the Federal Drug Administration and the drug industry rely upon for determining the effectiveness and safety of marketed drugs to the detriment of the public interest.

In similar situations the federal courts have interpreted F.R.C.P. 26(c), which is substantially the same as T.R.C.P. 26.03, as requiring a balancing of the interests of the party seeking discovery of the names and addresses or other evidence against the interests of confidentiality, privacy or other burdens of parties and persons from whom discovery is sought. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir.1985) and cases cited therein.

Upon balancing the interests involved in this litigation, we are of the opinion that the courts below have not entered appropriate protective orders involving the names and addresses of the doctors and patients shown on the DER's.

We are of the opinion that the disclosure of the names and addresses of twelve physicians who have reported experiences with the drugs involved in this litigation will be sufficient to satisfy plaintiffs' interests. Plaintiffs should be allowed thirty days, or such additional time as the trial judge may for good cause allow, to select the twelve DER's in which they are most interested in knowing the name and address of the reporting physician. Upon identifying the twelve DER's [1] to the trial court, the court shall order defendant to disclose the names and addresses of the twelve reporting physicians to the clerk of the trial court to be kept under seal and revealed only to plaintiffs' attorneys of record. The trial court shall direct the clerk to notify the twelve physicians by certified mail, return receipt requested, that this Court has ordered that defendants reveal their names to plaintiffs in this litigation, but that their names will not be revealed to others without their respective permission.

Plaintiffs are enjoined from disclosing the names of any of the twelve reporting physicians unless and until written permission to do so is obtained by plaintiffs and filed with the clerk of the trial court.

We find that plaintiffs have failed to show any need for disclosure of the names and addresses of the patients involved in the DER's.

This case is remanded to the Circuit Court of Sequatchie County for further proceedings. The costs on appeal shall be divided equally between the parties.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

A petition to rehear has been filed by appellees, considered by the Court, found to be without merit, and is denied.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.

---

1. If there is more than one report by the same doctor among the twelve DER's first selected, plaintiffs may make additional selections until twelve physician's names are furnished.