■ MARY A. STAHL, Individually and as Mother and Natural Guardian of TIMOTHY STAHL, an Infant, Respondent, v YOUCHAN RHEE et al., Defendants, and WINTHROP LABORATORIES, a Division of STERLING DRUG, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Sterling Drug, sued herein as Winthrop Laboratories, a division of Sterling Drug, and Sterling Drug, appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 12, 1986, as denied its cross motion which was for a protective order providing for the redaction of the identities of patients and physicians contained in certain confidential documents.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the cross motion which was for a protective order providing for the redaction of the identities of patients and physicians contained in certain confidential documents is granted.

The infant plaintiff sustained brain damage and mental retardation, allegedly because of an ingredient in a drug manufactured and sold by the appellant. The plaintiffs served a notice for discovery and inspection, *inter alia,* of the new drug application file for the drug at issue. This file, which is kept at the direction of the Food and Drug Administration, includes drug experience reports, which are memoranda from physicians noting, among other things, their patients' adverse reactions to the drug. The appellant requested that it be permitted to redact the names and addresses of the physicians and patients referred to in these reports and supply the attorneys for the plaintiffs with the file at issue in redacted form. This appeal followed the denial of the appellant's request for a protective order.

A protective order should have been granted. Under CPLR

3101 (a) "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action". The words "material and necessary" are to be interpreted liberally *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Nevertheless, we find, at least at this juncture, that the identities of the reporting sources are not material and necessary to the prosecution of the plaintiffs' case. The plaintiffs have already received the redacted drug experience reports which can be used to attempt to establish notice to Sterling without the necessity of revealing the identity of the physicians and patients. We also note that the disclosure of the patients' identities could raise numerous collateral issues, which may not be relevant on the trial of this action.

There are public policy reasons in support of the redaction of these identities. The drug experience reports are an important component of the Food and Drug Administration's voluntary reporting procedure, and revealing such identities could compromise this beneficial endeavor.

We note that the identities of the reporting sources are exempted from disclosure under the Freedom of Information Act (21 CFR 20.111 [c] [3]). While no New York court has passed on the question of whether the identities of the reporting sources of drug experience reports should be redacted, other courts have upheld various plans involving similar redaction *(Newsom v Breon Labs.,* 709 SW2d 559 [Tenn]; *Wesley v Rye,* 490 So 2d 272 [La]; *Harris v Upjohn Co.,* 115 FRD 191, 7 Fed R Serv 3d 514 [SD Ill]).

Finally, disclosure of the patients' names would violate New York's physician-patient privilege (CPLR 4504). The identity of a patient who is a stranger to this lawsuit in connection with a disease or side effect of the medication at issue is a confidential communication covered by the privilege *(see, Matter of Hyman v Jewish Chronic Disease Hosp.,* 15 NY2d 317, 322; *Gourdine v Phelps Mem. Hosp.,* 40 AD2d 694). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.