SIDNEY E. ZION, as Administrator of the Estate of LIBBY ZION, Deceased, Respondent, v NEW YORK HOSPITAL et al., Appellants.

First Department, November 19, 1992

### APPEARANCES OF COUNSEL

*Barbara D. Goldberg* and *Rosaleen T. McCrory* of counsel (*Martin, Clearwater & Bell*, attorneys), for appellants.

*Theodore H. Friedman, P. C.*, for respondent.

*Mark Thomas* for Hospital Association of New York State, *amicus curiae.*

*Harold J. Bressler* for Joint Commission of Accreditation of Healthcare Organizations, *amicus curiae.*

### OPINION OF THE COURT

SULLIVAN, J. P.

This action arises from the death of the administrator plaintiff's decedent at defendant New York Hospital on March 5, 1985. Our original decision on this appeal affirmed an order directing a further deposition of the Chief of Medicine at defendant New York Hospital and directing that said hospital provide plaintiff with the records of the Joint Commission on the Accreditation of Hospitals (JCAH) for 1983 to 1985 per-

taining to New York Hospital. As to the JCAH records, we rejected defendants' argument that they are privileged.

■ After defendants filed their brief, but before the appeal was heard, defendants advised us that in an order subsequent to the order appealed from the IAS Court, reversing its earlier position, concluded that the JCAH documents are protected from disclosure by Education Law § 6527 (3). Defendants sought to withdraw their appeal with respect to the issue of the JCAH documents and now seek to resettle our order to eliminate the holding that the JCAH records are not privileged. Since plaintiff did not agree to have the issue withdrawn, the issue was properly considered on appeal. Accordingly, we grant resettlement to expressly deny defendants' application to withdraw their appeal with respect to this issue.

■ In addition, defendants moved for reargument or, in the alternative, leave to appeal to the Court of Appeals. We grant reargument with respect to the question regarding the records of JCAH and, upon reargument, we agree with defendants that under Education Law § 6527 (3) the JCAH records from 1983 to 1985 pertaining to New York Hospital are privileged.

■ At the outset, we reject plaintiff's argument that the version of Education Law § 6527 (3) in effect at the time of decedent's death, and not the statute as amended in 1986 (L 1986, ch 427, § 1) applies to this action. Since the statute is procedural, the amended statute applies. *(See,* McKinney's Cons Laws of NY, Book 1, Statutes § 55; *see also, Charbonneau v State of New York,* 148 Misc 2d 891, 895.)

■ Founded in 1951, JCAH is a private, not-for-profit organization whose purpose is to improve the quality of medical care by establishing standards for the operation of hospitals and other healthcare organizations, inspecting such organizations' facilities and issuing comprehensive survey reports and recommendations for improvement.[1] JCAH's services are performed at the request of and paid for by the organization seeking its accreditation, upon the express understanding that the survey report and recommendations are to be kept confidential. Thus, JCAH agrees not to disclose such report except by the express authority of the surveyed hospital. *(See, Nassau-Suffolk Hosp. Council v Whalen,* 89 Misc 2d 304, 307;

---

1. The organization was known as the Joint Commission on the Accreditation of Hospitals at the times relevant to this action, but since 1989 has been known as the Joint Commission on the Accreditation of Healthcare Organizations.

*Fostoria Daily Review Co. v Fostoria Hosp. Assn.,* 44 Ohio St 3d 111, 113.)

Section 6527 (3) of the Education Law provides, insofar as relevant, that "the records relating to performance of a medical or quality assurance review function * * * described herein"[2] are, except as otherwise provided by law, exempt from disclosure under CPLR article 31. The statute, in the preceding paragraph, refers to "a professional standards review organization * * * when such * * * organization * * * is performing any medical or quality assurance review function * * * described in clause [ ] * * * (b) of this subdivision", i.e., the "evaluation and improvement of the quality of care rendered in a hospital." While there is no specific reference to JCAH itself, there is little doubt that JCAH is a "professional standards review organization" and that, with respect to New York Hospital, when conducting an accreditation survey and making recommendations as to patient care and administration, it is engaged in a function relating to the "evaluation and improvement of the quality of care rendered in a hospital." Hence, its records are entitled to the statutory privilege.

Affording such a privilege to the records of JCAH furthers the goal of improving the quality of hospital care, a goal which both the statute *(see, Matter of Albany Med. Ctr. Hosp. v Denis,* 161 AD2d 1030; *Lilly v Turecki,* 112 AD2d 788) and JCAH seek to achieve. Confidentiality of these records encourages the surveyed hospital to engage in open and candid discussion of hospital conditions, thereby enabling the hospital to learn from its mistakes. Stripping the records of the confidentiality JCAH guarantees to the hospitals which seek its services would, conversely, frustrate this purpose. While, doubtless, the exemption from disclosure for the JCAH records may, on occasion, hamper a malpractice plaintiff's ability to ascertain relevant information, the Legislature has made a determination that, on balance, this consideration is outweighed by the benefit the privilege confers on the general public.

Accordingly, defendants' motion for resettlement is granted

---

2. While it is not entirely clear from the statute, as amended in 1986, that the words "described herein" apply to "a medical or quality assurance review function", a reading of the earlier version, which provides that "[n]either the proceedings nor the records relating to performance of a medical review function described herein shall be subject to disclosure," leaves no doubt about that "described herein" qualifies these terms. *(See,* L 1977, ch 770, § 7; *see also,* L 1986, ch 427, § 1, at 882.)

and the order resettled to provide that defendants' application to withdraw from our consideration the issue pertaining to the discoverability of the JCAH records denied, reargument granted with respect to that issue, and, on reargument, the order of Supreme Court, New York County (Michael Dontzin, J.), entered on or about February 11, 1992, which, *inter alia,* directed that defendant New York Hospital provide plaintiff with a certain survey and review of the Joint Commission on the Accreditation of Hospitals, modified, on the law, to the extent of vacating that portion of the order which directed defendant New York Hospital to provide plaintiff with certain JCAH records and striking Item 19 of plaintiff's demand for discovery and inspection and, except as thus modified, affirmed, without costs or disbursements.

WALLACH, ASCH, KASSAL and RUBIN, JJ., concur.

Motion and cross motion for leave to appear as *amicus curiae* granted; motion for resettlement and/or reargument of this Court's decision and order entered on June 25, 1992 granted insofar as to supplement the decision and order with an opinion entered herein and filed simultaneously herewith; that branch of appellants' motion for leave to appeal to Court of Appeals denied; this Court *sua sponte* grants leave to appeal thereto, as indicated. *[See,* 184 AD2d 441.]