■ REANA BUSH, an Infant, by Her Mother and Natural Guardian, JOAN BUSH, et al., Appellants, v EDWARD J. WRIGHT et al., Defendants, and WINTHROP UNIVERSITY HOSPITAL, Respondent. [635 NYS2d 87] —In an action to recover damages for medical malpractice, the plaintiffs appeal from so much of an

order of the Supreme Court, Nassau County (Yachnin, J.), dated April 26, 1994, as granted that branch of the motion of the defendant Winthrop University Hospital which was for a protective order with respect to items 17, 18, and 19 of the plaintiffs' notice of discovery and inspection, and denied that branch of the plaintiffs' cross motion which was to direct the defendant Winthrop University Hospital to respond thereto and vacated those items.

Ordered that the order is affirmed insofar as appealed from, with costs to Winthrop University Hospital.

Education Law § 6527 (3) exempts from disclosure under CPLR article 31 "the proceedings [and] the records relating to performance of a medical or a quality assurance review function." It is well settled that "[t]he purpose of this provision is to encourage peer review of physicians at medical review committee meetings by guaranteeing confidentiality to participants, in order to accomplish improvement in the quality of medical care" (*Parker v St. Clare's Hosp.*, 159 AD2d 919, 920). Here, the plaintiffs sought fetal monitor recording strips in connection with this action, but the defendant hospital advised them that the strips had been lost. The plaintiffs thereafter filed a formal complaint with the New York State Department of Health, which conducted an investigation and determined, *inter alia*, that the hospital had violated certain regulations governing its quality assurance program. The plaintiffs thereafter sought in their notice of discovery and inspection, *inter alia*, all reports, records, and memoranda pertaining to or made in response to the Department of Health investigation.

The Supreme Court properly determined that the foregoing items are privileged pursuant to Education Law § 6527 (3). Indeed, the language in which the plaintiffs couched their challenged discovery demands, coupled with the fact that they instigated the State investigation into the matter and thus understood the nature of the materials sought, unequivocally demonstrate that the discovery demands at issue requested disclosure of protected "quality assurance" documents and records. Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.