■ CAROL T. SEAMAN, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER, INC., Respondent. [807 NYS2d 409]—

In an action to recover damages for violation of Labor Law § 740, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered January 28, 2005, as denied that branch of her motion which was to compel the defendant to produce, inter alia, the underlying medical records of patients involved in 16 incidents identified by the plaintiff that occurred at Wyckoff Heights Medical Center, documents relating to the defendant's 1998 and 2002 accreditation process, and reports associated with the plaintiff's investigations in connection with the subject incidents, and denied that branch of her motion which was to compel the defendant's wit-

nesses to respond to deposition questions regarding the subject documents.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to compel disclosure of the underlying medical records of patients involved in 16 incidents that occurred at Wyckoff Heights Medical Center, and substituting therefor a provision granting that branch of the motion to the extent of directing that the subject records be provided with all identifying patient information redacted and with a protective order confining distribution of the records to only the parties, their counsel, and their expert witnesses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of a dispute concerning the extent of disclosure required by the defendant hospital in an action stemming from the hospital's alleged retaliatory firing of the plaintiff for her recommendations to report certain adverse incidents to the New York State Department of Health. The information in the medical records at issue is privileged under CPLR 4504 (a) (*see Dillenbeck v Hess*, 73 NY2d 278 [1989]), and that privilege has not been waived. However, the plaintiff demonstrated that the information in the medical records is "material and necessary" (CPLR 3101 [a]) in the prosecution of the action, and that the circumstances warrant overcoming the privilege and permitting discovery of the records with all identifying patient information appropriately redacted to protect patient confidentiality (*see Matter of Hyman v Jewish Chronic Disease Hosp.*, 15 NY2d 317 [1965]; *Stahl v Rhee*, 136 AD2d 539 [1988]; *cf. Ramirez v Costagliola*, 300 AD2d 559 [2002]; *Bordan v North Shore Univ. Hosp.*, 275 AD2d 335 [2000]).

The Supreme Court properly denied those branches of the motion which were to compel disclosure of investigation reports and hospital accreditation documents, which are privileged. The plaintiff did not demonstrate that those reports and documents were material and necessary to the prosecution of the action (*see* Education Law § 6527 [3]; *Spradley v Pergament Home Ctrs.*, 261 AD2d 391, 392 [1999]; *Bush v Wright*, 222 AD2d 546 [1995]; *Brathwaite v State of New York*, 208 AD2d 231, 235 [1995]; *Zion v New York Hosp.*, 183 AD2d 386 [1992]; *but see Crea v Newfane Inter-Community Mem. Hosp.*, 224 AD2d 976 [1996]). The Supreme Court also properly denied that branch of the motion which was to compel the defendant's witnesses to respond to deposition questions regarding the subject privileged documents (*see* Education Law § 6527 [3]; Public Health Law § 2805-m [2]; *vanBergen v Long Beach Med. Ctr.*, 277 AD2d 374

[2000]; *Swartzenberg v Trivedi*, 189 AD2d 151, 153 [1993]). H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.