■ ALEX D'AMBROSIO et al., Appellants, v 85 CRYSTAL RUN COMPANY et al., Respondents. (Action No. 1.) BETTY MARTIN et al., Appellants, v 85 CRYSTAL RUN COMPANY et al., Respondents. (Action No. 2.) [830 NYS2d 904]—In related actions to recover damages for personal injuries, etc., the plaintiffs in action Nos. 1 and 2 appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (McGuirk, J.), dated May 31, 2006, which, inter alia, denied those branches of their motion which were (1) to preclude the use of evidence derived from testing performed by experts for the defendant Empire Blue Cross and Blue Shield on February 24, 2001, June 23, 2001, and January 15, 2003, (2) to preclude the use of evidence derived from testing performed by experts for the defendants PVI Industries, Inc., and Protemp Heating & Air Conditioning, Inc., on June 23, 2001, November 30, 2004, and March 9, 2005, and (3) to vacate an oral ruling of the same court made during a proceeding on September 23, 2005 precluding the plaintiffs from eliciting expert opinion testimony from two of the treating physicians of the plaintiff Betty Martin.

Ordered that the appeal from so much of the order as denied the plaintiffs' motion to vacate the oral ruling is dismissed, without costs or disbursements, as no appeal lies from an order denying a motion to vacate a ruling (*see Hegarty v Ballee*, 18 AD3d 705, 706 [2005]; *see Danne v Otis El. Corp.*, 276 AD2d 581, 582 [2000]; *cf.* CPLR 5701 [a] [3]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in determining the proper scope of discovery (*see Hallahan v Ashland Chem. Co.*, 237 AD2d

697, 698 [1997]; *Prasad v B.K. Chevrolet*, 184 AD2d 626 [1992]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.