HAROLD C. SCHAEFER, Respondent, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER et al., Appellants. WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, Nonparty Appellant. [847 NYS2d 222]—

In an action, inter alia, to recover damages for breach of contract and defamation, the defendants and the nonparty, Wilson Elser Moskowitz Edelman & Dicker, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated April 18, 2007, as, in effect, denied the defendants' motion to vacate stated portions of an oral ruling of the same court rendered February 14, 2007, in effect, denied that branch of the defendants' motion which was for a protective order regarding the plaintiff's third request for production of documents, and granted the plaintiff's application to impose costs and sanctions upon the defendants pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal by the nonparty, Wilson, Elser, Moskowitz Edelman & Dicker, LLP, is dismissed, as it is not aggrieved by the order appealed from, as that order does not impose a sanction or costs against it (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendants from so much of the order as, in effect, denied their motion to vacate the oral ruling is dismissed, as no appeal lies from an order denying a motion to vacate a ruling (*see D'Ambrosio v 85 Crystal Run Co.*, 37 AD3d 757 [2007]; *Hegarty v Ballee*, 18 AD3d 705, 706 [2005]); and it is further,

Ordered that on the Court's own motion, the notice of appeal insofar as filed on behalf of the defendants from so much of the order as granted the plaintiff's application to impose costs and sanctions upon them is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted to the defendants (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the

law and in the exercise of discretion, that branch of the defendants' motion which was for a protective order is granted with respect to the disclosure of documents post-dating March 28, 1999, relating to the status of the defendant Brookdale University Hospital and Medical Center's urology residency program with the Accrediting Council for Graduate Medical Education, and that branch of the motion is otherwise denied, the plaintiff's third request for the production of such documents is stricken, and the plaintiff's application to impose costs and sanctions upon the defendants pursuant to 22 NYCRR 130-1.1 is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In February 1999 the defendant Dr. Hong Kim, the chairman of the Department of Urology of the defendant Brookdale University Hospital and Medical Center (hereinafter the hospital and collectively with Dr. Kim, the defendants), informed the plaintiff, then in his fifth year of a six-year urology residency program, that the hospital would not renew his resident agreement "based upon [his] academic and clinical performance." On March 15, 1999, the plaintiff tendered his resignation to the hospital, effective March 28, 1999. In September 2003 the plaintiff commenced this action to recover damages, inter alia, for breach of contract, alleging, as to that cause of action, among other things, that the hospital failed to provide him with a residency program in accordance with the Accreditation Council for Graduate Medical Education (hereinafter ACGME). A document in the record discloses that effective December 2, 2004, ACGME placed the hospital's urology residency program on probationary accreditation status, but does not set forth the reasons therefor.

On September 13, 2006 the Supreme Court, inter alia, permitted the plaintiff to inquire of Dr. Kim, in an examination before trial, concerning any loss of the hospital's ACGME accreditation and the reasons for such loss. The defendant thereafter moved, in effect, to vacate the order dated September 13, 2006. In January 2007, while the defendants' vacatur motion was pending, the plaintiff served upon the defendants his third request for production of documents, in which he sought all documents relating to the status of the hospital urology residency program's ACGME accreditation status from 1998 to the present. During proceedings before the court on February 14, 2007, the court, inter alia, issued an oral ruling directing the defendants to disclose any communications between them and the ACGME regarding the hospital urology residency program's ACGME accreditation status between 1999 and 2004.

Thereafter, the defendants moved to vacate so much of the court's ruling of February 14, 2007, as directed them to disclose the aforementioned documents, and for a protective order against disclosure of documents sought by the plaintiff in his third request for documents on the grounds, inter alia, that the information sought was privileged and that the demands sought irrelevant information and were overbroad.

The Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the defendants' motion which was for a protective order with respect to the plaintiff's third request for documents. Contrary to the Supreme Court's determination, the quality assurance documents sought by the plaintiff are privileged pursuant to Education Law § 6527 and Public Health Law § 2805-m (*see Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d 596, 597 [2006]; *Fridenberger v Modayil*, 268 AD2d 457, 458 [2000]; *Zion v New York Hosp.*, 183 AD2d 386, 389 [1992]; *Kiefer v Mather Mem. Hosp.*, 93 AD2d 856 [1983]). Those documents post-dating March 28, 1999, retain their privilege under Education Law § 6527 since they are not "material and necessary to the action" (*Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d at 597).

Finally, in light of our determination, the Supreme Court improvidently exercised its discretion in granting the plaintiff's application to impose costs and sanctions upon the defendants pursuant to 22 NYCRR 130-1.1. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.