KIMBERLY LIEW et al., Plaintiffs, v NEW YORK UNIVERSITY MEDICAL CENTER, Defendant and Third-Party Plaintiff-Appellant. JUAN B. GABRIEL, JR., et al., Third-Party Defendants-Respondents. [865 NYS2d 278]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant third-party plaintiff NYU Hospitals Center, sued herein as New York University Medical Center, appeals (1), by permission, from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 29, 2007, which denied its application to compel the third-party defendant St. Luke's Hospital to produce the medical records of a nonparty organ donor, and (2) from an order of the same court dated October 17, 2007, which denied its motion, in effect, for reargument.

Ordered that the appeal from the order dated October 17, 2007 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 29, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants-respondents.

The plaintiff's decedent, Vincent Liew, also known as Vincent Eng Guan Liew, also known as Vincent E. Liew, died of kidney cancer after he received a kidney transplant at a facility of the defendant third-party plaintiff, NYU Hospitals Center, sued herein as New York University Medical Center (hereinafter NYU). The kidney was donated by a patient who was treated and died at a facility of the third-party defendant St. Luke's Hospital (hereinafter St. Luke's) which provided the kidney to NYU. The plaintiff commenced this action against NYU, which thereafter commenced a third-party action against St. Luke's and Juan B. Gabriel, Jr., M.D., alleging that they were negligent, inter alia, in failing to adhere to proper transplant protocol. NYU sought an order compelling disclosure of the donor's medi-

cal records, but the Supreme Court denied the application. We affirm.

The donor's medical records were covered by the physician-patient privilege (*see* CPLR 4504 [a]), even after her death (*see* CPLR 4504 [c]; *Prink v Rockefeller Ctr.,* 48 NY2d 309, 314 [1979]; *cf. Mayorga v Tate,* 302 AD2d 11, 11-12, 17-18 [2002]), and we reject NYU's contention that the donor must be deemed to have waived the privilege with respect to subsequent litigation merely by offering to donate an organ pursuant to Public Health Law article 43 (*cf. Green v Montgomery,* 95 NY2d 693, 699 [2001]). Although the privilege may be waived by a personal representative when the patient is deceased (*see* CPLR 4504 [c] [1]), there was no such waiver here. Moreover, the Health Insurance Portability and Accountability Act of 1996 (*see* Pub L 104-191, 110 US Stat 1936; hereinafter HIPAA) does not preempt state law with respect to the confidentiality of the donor's records here inasmuch as it does not mandate disclosure under these circumstance and the confidentiality afforded the donor's medical records by New York's statutory physician-patient privilege is stricter than that provided by HIPAA (*see Arons v Jutkowitz,* 9 NY3d 393, 414-415 [2007]). Accordingly, the donor's medical records may not be disclosed.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Motion by the third-party defendants-respondents on appeals from two orders of the Supreme Court, Queens County, dated May 29, 2007, and October 17, 2007, respectively, inter alia, to strike from the record the autopsy report of the organ donor, and to strike the papers submitted to the Supreme Court, Queens County, in connection with the order dated October 17, 2007, on the ground that no appeal lies from an order denying reargument. By decision and order on motion dated March 20, 2008 [2008 NY Slip Op 67132(U)], the branches of the motion which were to strike the autopsy report of the organ donor and to strike the papers submitted to the Supreme Court, Queens County, in connection with the order dated October 17, 2007, were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike the autopsy report of the organ donor is granted, and that portion of the record is stricken and has not been considered on the appeals; and it is further,

Ordered that the branch of the motion which was to strike the papers submitted to the Supreme Court, Queens County, in connection with the order dated October 17, 2007, is denied as unnecessary in light of our determination of the appeal from that order. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.