■ STEPHANIE S. MAGGIO, Respondent, v RTI DONOR SERVICES, INC., et al., Appellants, et al., Defendants. [901 NYS2d 523]— In an action, inter alia, to recover damages for negligence, the defendants RTI Donor Services, Inc., and Regeneration Technologies, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 14, 2009, as, after an in camera inspection, granted those branches of the plaintiff's motion which were to compel them to produce certain documents listed in their privilege log, and denied those branches of their cross motion which were for a protective order with respect to those documents.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were to compel production of documents designated as numbers 17, 51, 166, 172, 173, 177, 181, 201, 231, 235, 240, 241, 248-251, 305, 307, 383, 389, 391, 437, 439, 441, and 449 in the privilege log of the defendants RTI Donor Services, Inc., and Regeneration Technologies, Inc., and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying those branches of the cross motion of those defendants which were for a protective order with respect to those documents and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Upon our in camera inspection of the documents at issue on appeal, and upon application of the relevant law pertaining to civil disclosure in general (*see* CPLR 3101 [a]), the attorney-client privilege (*see* CPLR 3101 [b]; 4503 [a]), the work-product doctrine (*see* CPLR 3101 [c]), materials prepared in anticipation of litigation (*see* CPLR 3101 [d]), and grand jury secrecy (*see* CPL 190.25 [4] [a]), we find that the Supreme Court improvidently exercised its discretion in granting those branches of the plaintiff's motion which were to compel discovery of documents designated as numbers 17, 51, 166, 172, 173, 177, 181, 201, 231, 235, 240, 241, 248-251, 305, 307, 383, 389, 391, 437, 439, 441, and 449 in the privilege log of the defendants RTI Donor Ser-

vices, Inc., and Regeneration Technologies, Inc., and in denying those branches of the cross motion of those defendants which were for a protective order with respect to those documents, but providently exercised its discretion in granting those branches of the plaintiff's motion which were to compel discovery of the remaining documents at issue and in denying those branches of the cross motion which were for a protective order with respect to those documents (*see D'Ambrosio v 85 Crystal Run Co.,* 37 AD3d 757, 757 [2007]). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.