*820 At issue on these appeals are several orders of a special referee (hereinafter the Referee) appointed by the Supreme Court to resolve certain questions and motions regarding discovery. In an order dated May 4, 2010, the Referee found that the plaintiffs had failed to meet a discovery deadline set by an order of the Supreme Court dated December 4, 2007, directing that they respond to the defendants’ first discovery demand by December 31, 2007. In an order dated June 25, 2010, the Referee, upon re-argument, adhered to his determination in the order dated May 4, 2010. In another order dated July 19, 2010, the Referee directed the plaintiffs to produce, within 21 days, certain documents pertaining to a California case entitled Bhaktivedanata Book Trust Intl., Inc. v International Socy. for Krishna Consciousness, Inc. (Super Ct, Los Angeles County, No. BC170617) (2010 WL 685320, 2010 Cal App Unpub LEXIS 1435 [Ct App 2010]) (hereinafter the California litigation documents).
“After commencement of an action, any party may serve on any other party a notice or on any other person a subpoena duces tecum: (i) to produce and permit the party seeking discovery ... to inspect, copy, test or photograph any designated documents or any things which are in the possession, custody or control of the party or person served” (CPLR 3120 [1] [i]). “This section may be satisfied by telling the party seeking the discovery where the materials are and providing a reasonable opportunity for that party to look at them and make copies” (Zegarelli v Hughes, 3 NY3d 64, 69 [2004]).
Here, the defendants requested, pursuant to CPLR 3101, that the plaintiffs produce certain documents for inspection and copying at the offices of the defendants’ attorney. The Supreme Court’s order dated December 4, 2007, directed, inter alia, that the plaintiffs “respond to” the defendants’ discovery demands by December 31, 2007.
The plaintiffs established that they responded to the defendants’ discovery demands by December 31, 2007, and that they made the requested documents available for inspection and copying. Accordingly, contrary to the Referee’s determination made in his order dated May 4, 2010, the plaintiffs did not fail to “timely comply with the order of December 4, 2007,” and the *821 Supreme Court should have, upon reargument, denied that branch of the defendants’ motion which sought a determination that the plaintiffs failed to meet the discovery deadline set forth in the order dated December 4, 2007.
Furthermore, under the circumstances of this case, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiffs’ motion to vacate so much of the order of the Referee dated July 19, 2010, as directed the plaintiffs to produce, within 21 days, the documents pertaining to the California action (see Auto Collection, Inc. v C.P., 93 AD3d 621, 622 [2012]; Maggio v RTI Donor Servs., Inc., 73 AD3d 711, 711-712 [2010]). Eng, P.J., Rivera, Lott and Miller, JJ., concur.