■ DEBRA COLE, Appellant, v SPYROS PANOS, M.D., et al., Defendants, and HUDSON VALLEY CENTER AT SAINT FRANCIS, LLC, Respondent. [11 NYS3d 179]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated February 19, 2014, as denied that branch of her motion which was to compel the defendant Hudson Valley Center at Saint Francis, LLC, to produce case logs pertaining to all surgeries performed by the defendant Spyros Panos on May 11, 2010, and October 19, 2010, reflecting every medical procedure performed during each surgery on the nonparty patients.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was to compel the

defendant Hudson Valley Center at Saint Francis, LLC, to produce case logs pertaining to all surgeries performed by the defendant Spyros Panos on May 11, 2010, and October 19, 2010, reflecting every medical procedure performed during each surgery on the nonparty patients is granted, and the matter is remitted to the Supreme Court, Dutchess County, to direct the defendant Hudson Valley Center at Saint Francis, LLC, to produce the requested documents after redacting the names and other identifying information of the nonparty patients, and to direct the parties and their counsel to confine the distribution of such records to only the parties, their counsel, and their expert witnesses.

The plaintiff alleged, inter alia, that the defendant physician Spyros Panos committed medical malpractice during the course of his treatment of her, including two surgeries he performed on her right knee. The plaintiff further alleged that the defendant Hudson Valley Center at Saint Francis, LLC (hereinafter Hudson Valley), was liable for the damages that she sustained since it knew or should have known that Panos was committing malpractice, based upon the unprecedented number of surgical procedures he performed each day. The plaintiff asserted that it was impossible for Panos to have properly performed the number of surgical procedures that he claimed to have performed in the time frames that he reported to Hudson Valley.

During the course of discovery, Hudson Valley produced "case logs" pertaining to every surgery performed by Panos on the two dates that he performed surgery on the plaintiff—May 11, 2010, and October 19, 2010. However, Hudson Valley redacted the portions of the case logs that listed each of the procedures actually performed during the course of each of the surgeries reportedly performed by Panos on the nonparty patients. The plaintiff moved, inter alia, to compel Hudson Valley to produce case logs pertaining to all surgeries performed by Panos on May 11, 2010, and October 19, 2010, reflecting every medical procedure performed during each surgery on the nonparty patients. The Supreme Court, among other things, denied that branch of the plaintiff's motion, in effect, concluding that such information was privileged pursuant to CPLR 4504 (a). The plaintiff appeals from so much of the order as denied that branch of her motion. We reverse the order insofar as appealed from.

Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101

[a] [1]). "The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). However, even when the party seeking disclosure has demonstrated that the discovery sought is material and necessary to a matter in controversy in the action, "discovery still may be precluded if the requested information is privileged and thus exempted from disclosure" (*Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]).

Here, the Supreme Court, in effect, concluded that the material at issue was protected by the physician-patient privilege pursuant to CPLR 4504 (a). That section provides that "[u]nless the patient waives the privilege, a person authorized to practice medicine . . . shall not be allowed to disclose any information which he [or she] acquired in attending a patient in a professional capacity, and which was necessary to enable him [or her] to act in that capacity" (CPLR 4504 [a]; *see generally* Jerome Prince, Richardson on Evidence § 5-301 at 246-248 [Farrell 11th ed 1995]).

The enactment of the statutory physician-patient privilege "was based on the belief that fear of embarrassment or disgrace flowing from disclosure of communications made to a physician would deter people from seeking medical help and securing adequate diagnosis and treatment" (*Williams v Roosevelt Hosp.*, 66 NY2d 391, 395 [1985]; *see* Jerome Prince, Richardson on Evidence § 5-302 at 248-249 [Farrell 11th ed 1995]). "The privilege applies not only to information communicated orally by the patient, but also to information obtained from observation of the patient's appearance and symptoms" (*Dillenbeck v Hess*, 73 NY2d at 284 [internal quotation marks omitted]). "Moreover, the form in which the information is sought to be introduced is irrelevant, as the privilege operates whether the information is contained in a patient's medical files or is sought to be introduced at trial in the form of expert testimony" (*id.*).

"That which the privilege seeks to protect, however, and thereby foster, are confidential communications, not the mere facts and incidents of a person's medical history" (*Williams v Roosevelt Hosp.*, 66 NY2d at 396). The statute "is not intended to prohibit a person from testifying to such ordinary incidents and facts as are plain to the observation of any one without expert or professional knowledge" (*Klein v Prudential Ins. Co. of Am.*, 221 NY 449, 453 [1917]; *see generally* Jerome Prince, Richardson on Evidence § 5-307 at 252-253 [Farrell 11th ed

1995]). Accordingly, although the privilege protects a patient from the disclosure of a communication made to a doctor, "a witness may not refuse to answer questions regarding matters of fact . . . merely because those topics relate to events that required medical care or advice from a physician" (*Williams v Roosevelt Hosp.*, 66 NY2d at 397; *see generally Upjohn Co. v United States*, 449 US 383 [1981]).

Furthermore, "where the application of a privilege will not serve to further the legitimate purposes for which it was created, there is little reason to permit its invocation" (*Matter of Grand Jury Proceedings [Doe]*, 56 NY2d 348, 352 [1982]). Accordingly, "courts may properly decline to enforce the physician-patient privilege where its invocation does not serve its policy objectives" (*Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530 n 2 [2002]; *see Matter of Hyman v Jewish Chronic Disease Hosp.*, 15 NY2d 317, 322-323 [1965]; *Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d 596, 597 [2006]; *see also Desai v Blue Shield of Northeastern N.Y.*, 146 AD2d 264, 266-267 [1989]; *Stahl v Rhee*, 136 AD2d 539, 540 [1988]).

However, even where redaction of identifying information will ensure that the policy objectives of CPLR 4504 (a) are not subverted, disclosure of otherwise privileged information should not be permitted where it is not "material and necessary in the prosecution or defense of [the] action" (CPLR 3101 [a] [1]; *see Brandes v North Shore Univ. Hosp.*, 1 AD3d 551, 552 [2003]). Here, although the listing of each surgical procedure performed by Panos during the course of the surgeries he performed on the nonparty patients was privileged under CPLR 4504 (a) (*see Brandes v North Shore Univ. Hosp.*, 1 AD3d at 552; *Matter of Ashford v Brunswick Psychiatric Ctr.*, 90 AD2d 848, 848 [1982]; *Boddy v Parker*, 45 AD2d 1000, 1001 [1974]; *Sparer v Travelers Ins. Co. of Hartford*, 185 App Div 861, 864 [1919]), the plaintiff established that the subject information is indeed "material and necessary" (CPLR 3101 [a]) in the prosecution of the action, and that the circumstances warrant overcoming the privilege (*see Matter of Hyman v Jewish Chronic Disease Hosp.*, 15 NY2d at 322-323; *Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d at 597). The plaintiff demonstrated that the privacy interests of the nonparty patients and the policy objectives of CPLR 4504 (a) will not be undermined by the disclosure of the subject information since the case logs will be redacted to eliminate any reference to the nonparty patients' names, medical record numbers, or other identifying information (*see Matter of Hyman v Jewish Chronic Disease Hosp.*, 15 NY2d at 322-323; *Desai v Blue Shield of Northeastern*

*N.Y.*, 146 AD2d at 266-267; *Stahl v Rhee*, 136 AD2d at 540). Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel Hudson Valley to produce the case logs pertaining to all surgeries performed by Panos on May 11, 2010, and October 19, 2010, reflecting every medical procedure performed during each surgery on the nonparty patients, while requiring the names and other identifying information of the nonparty patients to be redacted, and confining distribution of such records to only the parties, their counsel, and their expert witnesses (*see Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d at 597).

In light of the foregoing, we need not reach the parties' remaining contentions. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.