McMahon v New York Organ Donor Network (2018 NY Slip Op 03820)





McMahon v New York Organ Donor Network


2018 NY Slip Op 03820


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6710N 156669/12

[*1] Patrick McMahon, Plaintiff-Respondent,
v
New York Organ Donor Network, Defendant-Appellant. Center for Donation and Transplant, Upstate New York Transplant Services, Inc., NJ Sharing Network, Southwest Transplant Alliance, Inc., Donor Network West and Nebraska Organ Recovery, Amici Curiae.


Ganfer & Shore, LLP, New York (Mark A. Berman of counsel), for appellant.
Borrelli & Associates, P.L.L.C., Great Neck (Caitlin Duffy of counsel), for respondent.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for amici curiae.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 7, 2017, which granted plaintiff's motion to compel defendant to produce documents in response to Demand No. 1 of his Fifth Demand for the Production of Documents (erroneously referred to as Demand No. 5 of Plaintiff's Sixth Demand)in accordance with the parties' confidentiality order, unanimously modified, on the law, to direct that all identifying patient information be redacted, and otherwise affirmed, without costs.
Plaintiff alleges that defendant, a federally designated organ procurement organization (OPO), fired him, in violation of Labor Law § 740(2), in retaliation for his complaining that defendant's employees procured organs without performing legally required tests and from individuals who still showed signs of life. In the complaint, plaintiff identified four individuals whose organs were allegedly improperly procured.
The records concerning these four individuals are material and necessary to plaintiff's claim (see CPLR 3101[a]). To prevail on a claim for retaliatory termination in violation of Labor Law § 740(2), plaintiff must prove that he was fired because he objected to or threatened to disclose a practice that was in violation of a law or regulation (Labor Law § 740[2]; Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 452-453 [2014]). The subject medical records will allegedly show that defendant pressured doctors to declare people dead in violation of regulations regarding the making of such determinations (see Department of Health Regulations [10 NYCRR] § 400.16).
Disclosure of these records is not prohibited by federal law. Although defendant is not a covered entity under the Health Insurance Portability and Accountability Act (HIPAA) (see 45 CFR 160.102; 160.103), it is authorized to receive medical records from covered entities "for the purpose of facilitating organ, eye or tissue donation and transplantation" (45 CFR 164.512[h]). It is also required to abide by HIPAA's privacy protections pursuant to New York Public Health Law (PHL) § 4351(8), which provides, "Any employee or agent of a federally designated organ procurement organization, eye bank or tissue bank . . . shall be held to the same standard of confidentiality as that imposed on employees of the hospital." However, because the subject [*2]disclosure would be made in the course of a judicial proceeding and pursuant to a qualified protective order, it is authorized under HIPAA (see 45 CFR 164.512[e][1][ii][B], [iv], [v]).
Nevertheless, PHL § 4351(8) renders defendant's documents subject to the protections of the physician-patient privilege set forth at CPLR 4504. This privilege is personal to the patient and is not terminated by death (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 53 [2016]). It has not been expressly or implicitly waived in this case by the donors' next of kin (see Perez v Fleischer, 122 AD3d 1157, 1159 [3d Dept 2014], lv dismissed 25 NY3d 985 [2015]). However, plaintiff demonstrated that the information in the medical records is material and necessary to his claim and that "the circumstances warrant overcoming the privilege and permitting discovery of the records with all identifying patient information appropriately redacted to protect patient confidentiality" (see Seaman v Wyckoff Hgts. Med. Ctr., Inc., 25 AD3d 596, 597 [2d Dept 2006]; accord Cole v Panos, 128 AD3d 880, 883 [2d Dept 2015]). Allowing disclosure under these circumstances is consistent with the public policy underlying the whistleblower statute, i.e., to encourage employees to report hazards to supervisors and the public (see Leibowitz v Bank Leumi Trust Co. of N.Y., 152 AD2d 169, 176 [2d Dept 1989]).
Liew v New York Univ. Med. Ctr. (55 AD3d 566 [2d Dept 2008]), on which defendant relies, is distinguishable, because, although it involved organ donation, it did not address whether the circumstances of that case warranted overcoming the privilege.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK