Martin v Kaleida Health (2025 NY Slip Op 01756)

Martin v Kaleida Health

2025 NY Slip Op 01756

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

808 CA 23-02135

[*1]LEON MARTIN, III, AND JEAN LIU MARTIN, PLAINTIFFS-APPELLANTS,
v
KALEIDA HEALTH, DOING BUSINESS AS BUFFALO GENERAL MEDICAL CENTER, DEFENDANT-RESPONDENT. 

THE FITZGERALD FIRM, P.C., BUFFALO (BRIAN P. FITZGERALD OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
CONNORS LLP, BUFFALO (MOLLIE C. MCGORRY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 19, 2023. The order, insofar as appealed from, denied the motion of plaintiffs to compel and granted that part of defendant's cross-motion seeking a protective order. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the cross- motion seeking a protective order is denied and the motion is granted.
Memorandum: This action arises from treatment that Leon Martin, III (plaintiff) received while admitted as a patient in a hospital operated by defendant. Plaintiffs allege that, while plaintiff was hospitalized for treatment to an infection of his leg, he contracted COVID-19 after sharing a room with a nonparty patient infected with the COVID-19 virus. Plaintiffs allege, inter alia, that defendant was negligent and grossly negligent in placing the other patient in plaintiff's hospital room when defendant and its agents, servants and employees knew or should have known that the patient had COVID-19.
During discovery, plaintiffs sought production of "[t]he complete [hospital] record for the patient who was put in [plaintiff's] room with patient's name redacted so as to protect patient confidentiality." Defendant refused to produce those records and plaintiffs moved to compel production of the records "with patient name and other patient identifying information redacted." Defendant cross-moved for, inter alia, a protective order pursuant to CPLR 3103 with respect to those records. Plaintiffs now appeal from those parts of an order that denied plaintiffs' motion and granted that part of defendant's cross-motion seeking a protective order. We reverse the order insofar as appealed from.
Although "discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; see generally Sims v Reyes, 195 AD3d 133, 137 [4th Dept 2021]). CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "What is material and necessary is left to the sound discretion of the lower courts and includes any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Andon, 94 NY2d at 746 [internal quotation marks omitted]).
Pursuant to CPLR 4504 (a), "a person authorized to practice medicine . . . shall not be allowed to disclose any information which [they] acquired in attending a patient in a professional [*2]capacity, and which was necessary to enable [them] to act in that capacity." The physician-patient privilege may be overcome, however, where the plaintiff establishes that the information in the medical records is material and necessary to their claim (see McMahon v New York Organ Donor Network, 161 AD3d 680, 682 [1st Dept 2018]; Gabriels v Vassar Bros. Hosp., 135 AD3d 903, 905 [2d Dept 2016]; Seaman v Wyckoff Hgts. Med. Ctr., Inc., 25 AD3d 596, 597 [2d Dept 2006]; Matter of Williams v Buffalo Gen. Hosp., 28 AD2d 777 [3d Dept 1967]). Here, plaintiffs established that the nonparty patient's hospital records would show when defendant, its agents, servants and employees became aware that the patient had tested positive for COVID-19 and that such information is material and necessary to establish whether defendant had notice that it was placing plaintiff in the same room as a person who had COVID-19 (see generally Seaman, 25 AD3d at 597). We therefore conclude that Supreme Court erred in granting that part of defendant's cross-motion seeking a protective order and in denying plaintiffs' motion to compel production of the nonparty patient's hospital records with patient name and other patient identifying information redacted.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court